UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>VINCENT P. BETTANO and<br>BARBARA A. BETTANO<br><br>Debtors. | Chapter 13<br>Case No. 10-42872-MSH |
| VINCENT P. BETTANO and<br>BARBARA A. BETTANO,<br><br>Plaintiffs<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>AS TRUSTEE FOR AEGIS 2-3-03,<br><br>Defendant. | Adv. Pro. No. 10-04114 |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

The defendant, Wells Fargo Bank, N.A., as Trustee for Aegis 2-3-03, has moved to dismiss this adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, for failure of the plaintiffs to state a claim.   For the reasons discussed below I will allow the motion.

**Background**

On September 16, 2003, the plaintiffs, who are the Debtors in the main bankruptcy case, refinanced their home mortgage loan with Aegis Lending Corp.   The plaintiffs allege that Aegis required them to pay a "title search" fee of $300 which was not included in the "finance charge" that is required to be disclosed to borrowers by the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws. ch. 140D, (the "MCCCDA"), the Massachusetts counterpart to

1

the federal Truth in Lending Act. The plaintiffs allege that the omitted disclosure is a violation of the MCCCDA entitling them to rescind the loan transaction.

On May 17, 2010, the plaintiffs sent letters to the defendant, as successor to Aegis, in which they purported to rescind the loan transaction. On June 4, 2010, the plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and subsequently initiated this adversary proceeding to enforce their right to rescind the loan.

## Analysis

In deciding a motion to dismiss under Rule 12(b)(6), a court must review the complaint to determine if the complaint contains sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombley, 550 U.S. 544, 570, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007); Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). A court must accept as true the factual allegations of the complaint but not the legal conclusions, even if couched as facts. Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1947, 173 L. Ed.2d 868 (2009). Recitations of the elements of a cause of action supported only by legal conclusions are insufficient to withstand a motion to dismiss. Id.

In certain consumer loan transactions, a borrower may rescind the loan until midnight of the third business day after receiving certain disclosure and rescission forms from the lender. MCCCDA § 10(a). Typically, these documents are provided to the borrower at the loan closing, which gives the borrower until three business days thereafter to rescind. If, however, the documents are not provided or are inaccurate to a degree that exceeds the statutorily-established tolerance for error, then the rescission period extends until three days after a compliant disclosure form is eventually provided to the borrower. Id.; see McKenna v. First Horizon Home Loan

Corp., 475 F.3d 418, 421 (1st Cir. 2007) (explaining the extended right to rescind in federal TILA cases, and that the rescission process is the same under the MCCCDA).

This extended rescission period does not continue indefinitely, however. MCCCDA § 10(f) provides that the right of rescission "shall expire four years after the date of consummation of the transaction or upon the sale of the property." A borrower may not, therefore, bring an action under the MCCCDA to rescind a loan that is more than four years old. Notwithstanding this limitation, however, a borrower may seek rescission even after the four year period by asserting the right of recoupment, which typically allows a litigant to assert claims defensively that are otherwise time-barred. MCCCDA § 10(i)(3) explicitly recognizes this right by providing that "[n]othing in this section shall be construed so as to affect a consumer's right of recoupment under the laws of the commonwealth."

In this case, the plaintiffs' attempted rescission occurred well after the four year statute of limitations had expired so they have based their claims on the right of recoupment. The defendant argues that notwithstanding MCCCDA § 10(i)(3) there is no right of recoupment recognized under Massachusetts law. I need not rule on whether recoupment is available to the plaintiffs here, or whether, as the defendant argues, recoupment no longer exists under Massachusetts law, because the plaintiffs cannot sustain a claim for rescission in either event.

The plaintiffs allege that in connection with their loan the finance charge was understated by $300. The MCCCDA provides that a disclosed finance charge is generally deemed to be accurate if it is not understated by more than one half of one percent of the loan amount. Because the alleged $300 error is far less than one half of one percent of the plaintiffs' $280,500 loan, the plaintiffs rely on MCCCDA § 10(i)(2), which reduces the relevant tolerance for error to a mere

3

$35 in situations where, as here, the borrower attempts to rescind a loan after a foreclosure proceeding has begun. While it is true that the initiation of foreclosure drops the floor for understated disclosures in a loan transaction from one half of one percent of the loan amount to $35, a borrower's right to avail himself of this reduction is subject to the four year statute of limitations contained in MCCCDA § 10(f). Section 10(i)(2) provides that

> Notwithstanding the provisions of subsection (f) of section four, **and subject to the time period provided in subsection (f)** of this section, for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial foreclosure process on the principal dwelling of the obligor securing an extension of credit, the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for the purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than thirty-five dollars or is greater than the amount required to be disclosed under this chapter.

(emphasis added). In establishing the reduced tolerance for error when a foreclosure is pending, the statute makes clear that the time in which this lower floor is available is limited to the four year rescission period in MCCCDA § 10(f). Put another way, even though § 10(i)(3) acknowledges a borrower's right of recoupment, which may extend beyond the four year rescission period, the legislature in § 10(i)(2) mandated that if a borrower attempts to assert that right after the rescission period expires, he may not rely on the reduced $35 threshold. To interpret the statute otherwise would render the phrase "subject to the time period provided in subsection (f)" in § 10(i)(2) meaningless. Section 10(f) establishes the four year rescission period and § 10(i)(2) reduces the tolerance level for certain rescissions without addressing any other time limitations. Since the time limit on rescission is clearly set out in § 10(f), the only possible explanation for referencing the same limit in § 10(i)(2) is to establish that the $35 threshold is available only to borrowers who attempt to rescind their loans before the four year rescission period expires, and to exclude those who attempt to rescind later by exercising their right of recoupment.

Because they alleged only a $300 understatement of their finance charge to support a rescission claim after the period established by MCCCDA § 10(f) had expired, the plaintiffs have failed to state a claim for rescission under the MCCCDA. I will, therefore, allow the defendant's motion to dismiss. A separate order shall enter.

Dated: December 14, 2010

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge